UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO G. HIGHT,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                              /

Case No. 2:18-cv-11817

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [17],
ADOPTING REPORT AND RECOMMENDATION [16],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

The Commissioner of the Social Security Administration ("SSA") denied the application of DeMario G. Hight ("Hight") for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 9-2, PgID 38–48. After the SSA Appeals Council declined to review the ruling, Hight appealed. ECF 1. The Court referred the matter to Magistrate Judge Patricia T. Morris and the parties filed cross-motions for summary judgment. ECF 3, 12, 14. The magistrate judge issued a Report and Recommendation ("Report") advising the Court to deny Hight's motion and grant the Commissioner's motion. ECF 16. Hight filed timely objections to the Report. ECF 17. After examining the record and considering Hight's objections de novo, the Court concludes that his arguments lack merit. Accordingly, the Court will adopt the Report's findings, deny Hight's

motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Hight's action against the Commissioner. ECF 16, PgID 672–73, 675–83. The Court will adopt that portion of the Report. Critically, Hight's objections all relate to "whether the ALJ should have considered a medical source opinion from Dr. Andrew Thomas, his treating physician, that was submitted" after the hearing but before the ALJ issued his decision. *Id.* at 679. Hight's counsel had written a letter to the ALJ a week before the administrative hearing stating that she was "still awaiting records/evidence from Dr. Andrew Thomas." *Id.*

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner of Social Security may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (citation omitted).

## DISCUSSION

Hight raises three objections. The Court will first provide a brief overview of the legal framework governing the submission of evidence for social security proceedings. Then, the Court will address each of Hight's objections in turn.

I. <u>Legal Framework</u>

During a social security proceeding before an ALJ, the parties submit evidence for review. "Each party must make every effort to ensure that the administrative law

judge receives all of the evidence and must inform [the Commissioner] about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing"—the so-called "5-day Rule." 20 C.F.R. § 416.1435(a). If a claimant does not comply with the 5-day Rule, "the administrative law judge may decline to consider or obtain the evidence" unless an exception applies. *Id.*

Two exceptions excusing the failure to timely submit evidence are relevant here. First, the ALJ will excuse a tardy submission if the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 416.1435(b)(3)(iv). Second, the ALJ will excuse failure to comply with the 5-day Rule if the Commissioner's actions misled the claimant ("misleading-action exception"). 20 C.F.R. § 416.1435(b)(1).

II. <u>Objection 1</u>

First, Hight objects that the Report erred in finding that "Plaintiff did not properly inform the ALJ" about a letter from Dr. Thomas, who treated Plaintiff. ECF 17, PgID 709. One week before the hearing, Hight sent a letter to the ALJ and advised that he was "still awaiting records/evidence from Dr. Andrew Thomas, [his] current primary care provider." ECF 9-6, PgID 274. Then, during the hearing, Hight reiterated that he was waiting for records from Dr. Thomas. ECF 9-2, PgID 84–85. Shortly after the hearing, Hight "submitted medical records from Dr. Thomas." ECF 12, PgID 629. Then, three months later, Hight submitted Dr. Thomas's statement (which was created and produced after the hearing). *See id.* at 631.

4

The ALJ wrote that the claimant "informed [her] about additional written evidence" within the 5-day Rule. ECF 9-2, PgID 41; ECF 9-6, PgID 274 (Hight's counsel sent the letter on July 11, 2017—seven days before the hearing began on July 18, 2017). Thus, the ALJ admitted "some, but not all, of the additional evidence." ECF 9-2, PgID 41. She admitted the evidence submitted shortly after the hearing but excluded Dr. Thomas's statement because it was "submitted several months after the hearing" and was extremely untimely. *Id.*

Under the 5-day Rule, a claimant "must *inform* [the ALJ] about . . . any written evidence." 20 C.F.R. § 416.1435(a) (emphasis added). The dispute here involves the definition of "inform," namely how much specificity a claimant must provide to have adequately informed the ALJ. ECF 16, PgID 691 ("Plaintiff argues for a broad interpretation of 'inform'" but the Commissioner "seeks to impose a narrower interpretation."); ECF 17, PgID 709–10; ECF 18, PgID 716–19. The plain definition of "inform" means to "'impart knowledge of some particular fact, occurrence, [or] situation' concerning the evidence." ECF 16, PgID 695 (citing *Oxford English Dictionary* (online ed.)). To satisfy the 5-day Rule, therefore, "a claimant must impart some knowledge about the particular facts of the written evidence—even such basic information as that the evidence consists of medical opinions or treatment records." *Id.*

The Report properly found that merely telling the ALJ that potential evidence exists in a broad catch-all phrase, such as "records/evidence," does not impart the necessary knowledge about the evidence, and certainly did not provide sufficient

5

information to indicate that future consultations with Dr. Thomas would occur that could potentially produce additional evidence that would be submitted. *Id.* at 696–97.

Additionally, common sense dictates that after the initial set of reports from Dr. Thomas was submitted shortly after the hearing, a reasonable person would believe that the "records/evidence" that Hight had informed the ALJ of had been submitted and the record could be closed. If Hight knew of more "records/evidence" to come, he should have informed the ALJ that more still would be submitted.

Hight, therefore, did not satisfy the requirements of § 416.1435(a) because he failed to properly inform the ALJ about Dr. Thomas's opinion at least five days before the hearing. As such, the submission of Dr. Thomas's opinion was untimely, and the ALJ was correct in excluding it. The Court will therefore overrule Hight's first objection.

Moreover, the letter from Dr. Thomas was created as a result of a consultation that occurred after the conclusion of the hearing. *See* ECF 12, PgID 631. Under § 416.1435(b), a post-hearing procedure must qualify as an "unavoidable circumstance" to be admitted. *See Rivard v. Comm'r of Soc. Sec.*, No. 2:17-cv-12665, 2019 WL 659014, at *15 (E.D. Mich. Jan. 11, 2019), *report and recommendation adopted*, No. 2:17-cv-12665, 2019 WL 659006 (E.D. Mich. Jan. 30, 2019). The requirement would not be necessary if § 416.1435(a) automatically allowed a claimant to submit medical records created after a hearing. The letter from Dr. Thomas was written after the hearing was adjourned, and the Report properly concluded that Hight failed to

explain any "unavoidable consequence" that prevented him from obtaining the medical opinion sooner. ECF 16, PgID 697.

III. <u>Objection 2</u>

Second, Hight contends that the Report failed "to take into account Plaintiff's inability to speak" to members of Dr. Thomas's office. ECF 17, PgID 710. Hight does not explicitly identify an error in the Report but asks the Court to consider the additional documentation. *See id.* at 711.

Hight is incorrect. The Report does in fact consider Hight's inability to speak with members of Dr. Thomas's office. ECF 16, PgID 697. The Report explicitly mentions the fact that Hight claims that "Dr. Thomas 'was nearly impossible to reach' by phone, despite repeated effort." *Id.* (citing ECF 12, PgID 638). After considering Hight's claim, the Report goes on to explain why it was not sufficient to satisfy the exception under § 416.1435(b)(3). *Id.* at 698. The Report properly concludes that Hight's claim that Dr. Thomas "was nearly impossible to reach" was contradicted by the fact that Hight had consistent, in-person consultations with Dr. Thomas before and throughout the time period during which Hight claims that he was unable to reach Dr. Thomas's office by phone. *Id.*

Furthermore, to the extent Hight asks the Court to consider the additional documentation, his request is merely a rehashing of arguments he already presented in his motion for summary judgment, which were thoroughly addressed and properly rejected in the Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (finding that the plaintiff's "challenge [was] not a proper

objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashe[d] [the plaintiff's] arguments.") (citing *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008)). The Court will therefore overrule Hight's second objection.

IV. <u>Objection 3</u>

Third, Hight argues that the Report misapplied the standard for the misleading-action exception. ECF 17, PgID 712. Particularly, Hight argues that the ALJ's misleading statements made *during the hearing* excuse his untimely submission of additional evidence. *Id.*

The misleading-action exception applies when a party "misse[s] the deadline . . . *because*: (1) [the Commissioner's] actions misled [the party]." 20 C.F.R. § 416.1435(b) (emphasis added). As the magistrate judge rightly concluded, "the ALJ's post-deadline comments . . . did not cause [Hight's] earlier failure to timely submit the evidence." *Id.* The misleading-action exception therefore does not apply to Hight's case. And Hight merely objects to the Report's alternative argument. The Court will therefore overrule Hight's third objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Hight's objections. The Court finds Hight's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Hight's motion for summary judgment.

8

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Hight's Objections [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Hight's Motion for Summary Judgment [12] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 21, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2019, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager